# IN THE COURT OF APPEALS OF IOWA

No. 22-0180
Filed September 21, 2022

**BENJAMIN MOODY,**
    Petitioner-Appellant/Cross-Appellee,

**vs.**

**BROOKE TRIMBLE,**
    Respondent-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Butler County, Christopher C. Foy, Judge.

Benjamin Moody appeals the district court's child-support calculations. Brooke Trimble cross-appeals the district court's denial of her request to modify visitation. **AFFIRMED AS MODIFIED AND REMANDED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

Megan R. Rosenberg of Cady & Rosenberg Law Firm, P.L.C., Hampton, for appellant/cross-appellee

Elizabeth M. Wayne of Papenheim Law Office, Parkersburg, for appellee/cross-appellant.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

The parties are the parents of a child born in 2017. In 2019, a stipulated decree granted both parents joint legal custody, the father physical care, and the mother visitation. The mother was also ordered to pay $73 per month in child support.

Less than five months after entry of the stipulated decree, the mother filed this action seeking to change physical care from the father to her, or, alternatively, to joint physical care. During trial, she also requested more visitation as an additional alternative. The father resisted, and he requested additional child support.

The district court denied the mother's requested modification. The court concluded the mother had failed to meet her burden to prove a substantial change of circumstances to warrant modification of physical care because the changes she relied upon were neither substantial nor outside the contemplation of the court when the stipulated decree was entered.[1] The court also concluded that a modification of child support was required, as the amount of support owed under the child support guidelines deviated from the original support obligation by more than ten percent. The court raised the mother's child support obligation to $88 per month.

---

[1] The district court's order did not address the mother's alternative request for additional visitation. She filed an Iowa Rule of Civil Procedure 1.904(2) motion seeking a ruling on her request for additional visitation. In its order denying the motion, the court stated, "As the parties have failed to establish sufficient grounds to amend or change the order, it shall remain as it is."

The father appeals, asking for a larger increase in the mother's child-support obligation using imputed income for the mother. The mother cross-appeals, limiting her challenge to her claim that she should have been granted more visitation. Both parties request appellate attorney fees.

## I. Standard of Review

We review child-support and visitation modification proceedings de novo. *In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006) (child-support modification); *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016) (visitation modification). Because our review is de novo, we will give weight to the district court's findings of fact—especially as to witness credibility—but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

## II. Child-Support Modification

Child-support obligations are determined using the guidelines established by the Iowa Supreme Court and set forth in chapter 9 of the Iowa Court Rules. Iowa Ct. Rs. 9.1, 9.2. The guidelines apply to unwed parents.[2] *Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005) (citing Iowa Code section 600B.25(1) to conclude that child support is set pursuant to the guidelines with unwed parents); *see* Iowa Code §§ 600B.25(1) (directing that support be determined pursuant to section 598.21B); 598.21B (directing the establishment and use of guidelines to determine support). "The purpose of the guidelines is to provide for the best interests of the

---

[2] We recognize Iowa Code section 600B.25 (2019) provides that "the court shall establish *the father's* monthly support payment and the amount . . . pursuant to section 598.21B." (Emphasis added.) However, we have previously affirmed child-support orders entered pursuant to section 600B.25 against mothers as well. *See, e.g.*, *McKnight v. Anderson*, No. 20-1115, 2021 WL 1904657, at *2, 4 (Iowa Ct. App. May 12, 2021).

children by recognizing the duty of both parents to provide adequate support for their children in proportion to their respective incomes." Iowa Ct. R. 9.3(1). Applying the guidelines requires determining each parent's net monthly income. *In re Marriage of Rife*, No. 19-0679, 2020 WL 1542314, at *3 (Iowa Ct. App. Apr. 1, 2020). Once established, the child-support obligation can be modified upon showing a substantial change in circumstances. *Smith v. Janssen*, No. 15-1421, 2016 WL 4384699, at *3 (Iowa Ct. App. Aug. 17, 2016) (citing Iowa Code § 598.21C(1)). By statutory definition, a substantial change in circumstances warranting modification occurs "'when the court order for child support varies by ten percent or more from the amount' that would be due under the child support guidelines." *Id.* (quoting Iowa Code § 598.21C(2)(a)).

The district court calculated the mother's income based on evidence suggesting she earns $5 per hour. Using that income figure, the court determined the guideline amount of support to be $88 per month. As that amount exceeds the original support obligation by ten percent or more, the court found a substantial change in circumstances and raised the mother's support obligation to $88 per month.

The father asserts the court should have imputed income to the mother because she is intentionally underemployed. In response, the mother does not disagree with the district court's determination that a substantial change in circumstances occurred or that her child support should be raised. She simply contends that it was raised to the proper amount based on her actual income.

Determining a parent's income for the purpose of calculating child support starts with the premise that actual income will be used rather than imputed income.

*See* Iowa Ct. R. 9.5(1)(d) ("To determine gross income, the court shall not impute income under rule 9.11 except . . . [p]ursuant to agreement of the parties, or . . . [u]pon request of a party, and a written determination is made by the court under rule 9.11."). However, income may be imputed "[i]f the court finds that a parent is voluntarily unemployed or underemployed without just cause." Iowa Ct. R. 9.11(4). In that event, "child support may be calculated based on a determination of earning capacity" rather than actual earnings. *See id.*

We find it appropriate to impute income to the mother here. While the mother asserts she earns $200 per week (equating to $5 per hour on a forty-hour week), there was evidence that she is underreporting her income by receiving additional payments in cash. But setting aside any dispute over her actual earnings, even if we take the mother at her word that she earns $200 per week, we find her to be voluntarily underemployed without good cause. No evidence suggested the mother has any health issues or other impediments that would keep her from working a full-time job, as she already does, for at least minimum wage. The mother's explanation for working for less than minimum wage[3] is that she enjoys her job and "[i]t's not about, you know, working. It's more about if you actually love your job." She also points out that she has the same job now that she had when the original decree was entered.

We do not find the mother's explanation to be good cause for her underemployment. While working a job that one loves is an aspiration shared by many, many people must settle for a job that pays the bills and supports their

---

[3] Iowa's minimum wage is $7.25 per hour. *See* Iowa Code § 91D.1(1)(a).

families. That is often the harsh reality of adulthood and responsible parenting. Our consideration is the child's best interest, not what is in the mother's best interest. *See McKenzie*, 709 N.W.2d at 533–34 (imputing income when the payor switched to a lower paying job in order to move to be with the payor's significant other). An able-bodied parent is not permitted to put it in neutral—or keep it in neutral—when the parent has a support obligation. To permit the mother to do so here would "place [her] selfish desires over the welfare of [the] child and the custodial parent, not provide for the needs of [the] child, and create a substantial injustice between the parties." *See id.* at 534. To be clear, we are not saying that the mother—or any parent—is required to take the highest paying job available regardless of job satisfaction. We are simply saying that, based on the facts of this case, the mother is not permitted to work for less than minimum wage solely for job-satisfaction reasons without consideration for her child's welfare. Imputing income is warranted here to avoid injustice.

Having made the decision to impute income to the mother, the question becomes how much. The evidence establishes that, prior to 2015 when she took her current job, the mother was making $10 per hour. We find this to be representative of her earning capacity, so we find child support should be based on the mother earning $400 per week. We remand to the district court to recalculate the mother's child-support obligation based on that income figure.

## III.    Visitation Modification

On cross-appeal, the mother contends the district court should have modified the visitation provisions of the original decree so that she may exercise additional visitation with the child. As the party seeking modification of the

visitation provisions, the mother has the burden to establish that "there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the [child]." *Christy*, 878 N.W.2d at 464 (citation omitted). The change in circumstances that must be demonstrated in visitation cases is "much less extensive" than that which must be shown to "modify child custody." *Id.* (citation omitted).

Even with the less stringent requirement, the mother failed to meet her burden of proof to justify modification. On appeal, she does not argue any change in circumstance occurred to warrant a change in visitation.[4] Instead, she focuses solely on the child's best interests. Accordingly, the mother cannot satisfy the first necessary step to modify visitation, and her claim fails.

Accordingly, we decline the mother's request for relief and affirm the district court on her cross-appeal.

## IV.    Appellate Attorney Fees

Both parties request appellate attorney fees. Only the prevailing party is eligible for an award of attorney fees. Iowa Code § 600B.26 (permitting an award of attorney fees to "the prevailing party"). As the mother is not a prevailing party, we decline her request for attorney fees. As the prevailing party, the father is

---

[4] The mother points out that once the child begins school "there will be more opportunities for expanded visitation" and "there are not any provisions for winter and spring break once [the child] starts school." However, this change in circumstance has yet to occur, and it was within the contemplation of the parties when they entered the stipulated decree. *Cf. Collett v. Vogt*, No. 17-0986, 2018 WL 739333, at *3 (Iowa Ct. App. Feb. 7, 2018) ("[T]he change in circumstances necessary to modify the school-selection or visitation provisions of a decree must still have been outside the contemplation of the district court at the time it entered its original decree."). So, it would not amount to a change in circumstance warranting modification of visitation.

eligible for attorney fees, but such an award is discretionary. *See Meek v. Brown*, No. 21-1001, 2022 WL 3423065, at \*3 (Iowa Ct. App. Aug. 17, 2022). To determine whether to award appellate attorney fees, "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* (citation omitted). Though the father has the need for an attorney fee award, the mother has a negligible ability to pay, so we deny the father's request.

## V.    Conclusion

We affirm as modified on the father's appeal, and we remand to the district court for recalculation of the mother's child-support obligation with an imputed income of $400 per week. We affirm the district court's denial of the mother's request to modify visitation. We deny both parties' requests for appellate attorney fees.

**AFFIRMED AS MODIFIED AND REMANDED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**